IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

VICTOR-TEON LINDSEY,

      **Plaintiff,**

v.                                                                                              Civil No. 2:06-cv-33
                                                                                           (Judge Maxwell)

**UNITED STATES OF AMERICA, BUREAU**
**OF PRISONS, SHU PROPERTY MANAGER,**

      **Defendants.**

## REPORT AND RECOMMENDATION

On March 17, 2006, the *pro se* plaintiff, a federal prisoner incarcerated at the Hazelton Penitentiary in Bruceton Mills, West Virginia, initiated this case pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 2671, et seq. This case is before the undersigned for an initial review and report and recommendation pursuant to LR PL P 83.01, et seq., and 28 U.S.C.§§ 1915(e) and 1915A.

## I. The Complaint

In the complaint, plaintiff asserts that on or about February 7, 2005 at FCI Terre Haute, his property was inventoried and packed when he was relocated to the Special Housing Unit. Plaintiff asserts that his property should have been secured by the property officer, but instead, his property was lost, stolen, or misplaced after being placed in the property room.

At the time his property was lost, plaintiff states that his criminal case was on appeal and he needed to utilize his legal reference books. Since those books were part of the missing property, plaintiff asserts that he was unable to prepare meaningful legal documents and that as a result, he lost his appeal. Plaintiff seeks damages in the amount of $500,000.

Plaintiff asserts that he filed a tort claim with the North Central Regional Office, but that

his claim was denied on January 1, 2006.

## II. Venue

A tort claim against the United States may be prosecuted "only in the judicial district where the plaintiff resides or wherein the act or omission complained of occurred." 28 U.S.C. § 1402(b). In this case, the facts giving rise to the alleged cause of action occurred at a federal correctional facility in Terre Haute, Indiana. Moreover, the complaint does not assert where plaintiff resided prior to his incarceration and plaintiff's residence is not necessarily his place of incarceration.[1] Thus, where plaintiff resides is not altogether clear.

Regardless, this Court has the authority under 28 U.S.C. §§ 1404(a) and 1406(a) to transfer this case to any other district or division where it might have been brought if doing so will be in the interests of justice.[2] Here, all the events giving rise to the cause of action occurred in Indiana. All pertinent records and the majority of the witnesses are in Indiana. Thus, Indiana is the only forum with any meaningful connection to the plaintiff's claims.

## III. Recommendation

---

[1] There is currently a split among the circuits on the issue of whether an inmate's place of incarceration is his residence for purposes of venue. However, the weight of authority has found that a prisoner's place of incarceration is not his residence for purposes of venue . See Ellingburg v. Connett, 457 F.2d 240, 241 (5th Cir. 1971) (for purposes of venue, one does not change his residence to his place of incarceration); Urban Industries, Inc., of Kentucky v. Thevis, 670 F.2d 981, 986 (11th Cir. 1982) (finding that the prisoner retained his Georgia residence even though incarcerated in Indiana); Brimer v. Levi, 555 F.2d 656 (8th Cir. 1977) (finding venue improper in district where prisoner is confined because presence is involuntary and temporary); Flanagan v. Shively, 783 F.Supp. 922, 935 (M.D.Pa.) *aff'd*, 980 F.2d 722 (3d Cir. 1992) (inmate does not become resident of state by virtue of his incarceration); *but compare*, In re Pope, 580 F.2d 620 (D.C.Cir. 1978) (for general venue purposes a prisoner resides at his place of incarceration).

[2] Plaintiff's complaint could also be dismissed under § 1406(a). However, there is a six-month statute of limitations for raising FTCA claims in the district court after the claim has been denied by the appropriate agency. 28 U.S.C. § 2401(b). Were this court to dismiss plaintiff's claims, even without prejudice, it is likely that plaintiff's claims would then be time-barred. Accordingly, the interests of justice are best served by transferring this case, rather than dismissing it.

In consideration of the foregoing, the undersigned finds although plaintiff is incarcerated within this District, venue would be more appropriate in the District in which the events giving rise to the alleged cause of action occurred. Thus, the undersigned recommends that plaintiff's complaint be **TRANSFERRED** to the United States District Court for the Southern District of Indiana.

Within ten (10) days after being served with a copy of this recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections. A copy of any objections shall also be submitted to the Honorable Robert E. Maxwell, United States District Judge. Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.[3]

The Clerk is directed to mail a copy of this Report and Recommendation to the *pro se* plaintiff and any counsel of record.

Dated: June 15, 2006.

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE

---

[3] 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).